IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHARON CUDA, | : | Civil Action – Law |
| | : | |
| Plaintiff | : | Case No. |
| | : | |
| vs. | : | Judge: |
| | : | |
| CITY OF WILLIAMSPORT; | : | Complaint File: |
| WILLIAMSPORT BUREAU OF | : | |
| FIRE, | : | [ELECTRONICALLY FILED] |
| | : | |
| Defendants | : | JURY TRIAL DEMANDED |
| | : | |

## COMPLAINT

1. Plaintiff, Sharon Cuda, is an adult individual currently residing at 1550 Four Mile Drive, Williamsport, PA 17701, within the Middle District of Pennsylvania.

2. Defendant City of Williamsport (hereinafter "Defendant City") is a local

1

Governmental unit established pursuant to the laws of the Commonwealth of Pennsylvania and which is located within the Middle District of Pennsylvania.

3. Defendant Williamsport Bureau of Fire (hereinafter "Defendant Bureau") is a bureau within Defendant City of Williamsport and which is located within the Middle District of Pennsylvania.

4. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. ("Title VII"); the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, et seq. ("ADEA"); the Pennsylvania Human Relations Act, Pa. Stat. Ann. tit. 43, §§ 951, et seq. ("PHRA"); and 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution.

4. Jurisdiction is placed in this court by 28 U.S.C. §§ 1331 and 1343. This court may further exercise supplemental jurisdiction over Plaintiff's state law claims under the PHRA pursuant to 28 U.S.C. §1367.

5. The Defendants are found within the Middle District of Pennsylvania, and a substantial part of the events or omissions giving rise to the claims occurred within the Middle District of Pennsylvania.

6. Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b) and (c).

2

7. At all times relevant hereto, Defendants were an employer of Plaintiff, and Plaintiff was an employee of Defendants within the meaning of Title VII, the ADEA and the PHRA.

8. At all times relevant hereto, Defendants were state actors within the meaning of 42 U.S.C. § 1983, and the Fourteenth Amendment to the U.S. Constitution, and acted under color of state statute, ordinance, regulation, custom or usage.

9. Plaintiff timely filed a Complaint with the Pennsylvania Human Relations Commission, which was dual-filed with the Equal Employment Opportunity Commission, those agencies' periods of exclusive jurisdiction have expired and Plaintiff has received a right-to-sue letter from the EEOC.

10. Plaintiff is a female with a date of birth of November 24, 1953.

11. Plaintiff was employed by Defendants for approximately eighteen (18) years, most recently as an Administrative Secretary within the Bureau of Fire.

12. Plaintiff's position was approved for Defendants' 2004 budgets.

13. On or about March 1, 2004, Plaintiff was told that she was terminated for budgetary reasons, because she did not fit in the organization, and because she was too friendly "with the guys."

14. Plaintiff was the only person allegedly terminated for budgetary reasons during this relative time frame.

15. Plaintiff was replaced by a female substantially younger than Plaintiff, and younger than forty (40) years of age.

16. Plaintiff was better qualified and experienced to perform her duties, and the duties performed by her replacement, than was her replacement.

17. The reasons given for Plaintiff's termination are false, unfounded, and pretextual.

18. A substantial, determinative, and/or motivating factor behind Plaintiff's termination was her age and/or her sex.

19. As a legal result of her termination, which Plaintiff claims violated Title VII, the ADEA, the PHRA, and her rights to equal protection under the United States Constitution, Plaintiff suffered and continues to suffer lost wages and benefits, lost future wages and benefits, other monetary losses, interest, emotional distress, attorney's fees and costs, and such other damages as may become apparent.

## COUNT I

20. Paragraphs 1 through 19 are incorporated herein by reference as though fully set forth.

4

21. Defendants violated Plaintiff's rights under the ADEA by terminating her because of her age, and replacing her with a substantially younger individual.

22. Defendants acted with intent, and/or Defendants engaged in the unlawful practices maliciously, willfully, in bad faith, or with reckless disregard and indifference to Plaintiff's rights.

23. Plaintiff seeks all rights and remedies to which she is entitled pursuant to the ADEA, including lost wages and benefits and future wages and benefits, reinstatement, compensatory and liquidated and/or punitive damages, damages for emotional distress, interest, declaratory and injunctive relief, attorneys' fees and costs, and all other relief which is available.

WHEREFORE, Plaintiff respectfully prays this Honorable Court enter judgment in her favor and award her reinstatement, lost wages and benefits, lost future wages and benefits, other monetary losses, interest, emotional distress, liquidated and/or punitive damages, declaratory and injunctive relief, attorneys' fees and costs, and all other relief which is available. Plaintiff demands a jury trial.

## COUNT II

24. Paragraphs 1 through 23 are incorporated herein by reference as though

5

fully set forth.

25. Defendants violated Plaintiff's rights against sexual discrimination under Title VII by terminating her allegedly because she was "too friendly with the guys."

26. Defendants acted with intent, and/or Defendants engaged in the unlawful practices maliciously, willfully, in bad faith, or with reckless disregard and indifference to Plaintiff's rights.

27. Plaintiff seeks all rights and remedies to which she is entitled pursuant to Title VII including lost wages and benefits and future wages and benefits, reinstatement, compensatory and liquidated and/or punitive damages, damages for emotional distress, interest, declaratory and injunctive relief, attorneys' fees and costs, and all other relief which is available.

WHEREFORE, Plaintiff respectfully prays this Honorable Court enter judgment in her favor and award her reinstatement, lost wages and benefits, lost future wages and benefits, other monetary losses, interest, emotional distress, liquidated and/or punitive damages, declaratory and injunctive relief, attorneys' fees and costs, and all other relief which is available. Plaintiff demands a jury trial.

## COUNT III

28. Paragraphs 1 through 27 are incorporated herein by reference as though fully set forth.

6

29. Defendants violated Plaintiff's rights under the PHRA by terminating her because of her age, and replacing her with a substantially younger individual.

30. Defendants acted with intent, and/or Defendants engaged in the unlawful practices maliciously, willfully, in bad faith, or with reckless disregard and indifference to Plaintiff's rights.

31. Plaintiff seeks all rights and remedies to which she is entitled pursuant to the PHRA, including lost wages and benefits and future wages and benefits, reinstatement, compensatory and liquidated and/or punitive damages, damages for emotional distress, interest, declaratory and injunctive relief, attorneys' fees and costs, and all other relief which is available.

WHEREFORE, Plaintiff respectfully prays this Honorable Court enter judgment in her favor and award her reinstatement, lost wages and benefits, lost future wages and benefits, other monetary losses, interest, emotional distress, liquidated and/or punitive damages, declaratory and injunctive relief, attorneys' fees and costs, and all other relief which is available. Plaintiff demands a jury trial.

## COUNT IV

32. Paragraphs 1 through 31 are incorporated herein by reference as though fully set forth.

7

33. Defendants violated Plaintiff's rights against sexual discrimination under the PHRA by terminating her allegedly because she was "too friendly with the guys."

34. Defendants acted with intent, and/or Defendants engaged in the unlawful practices maliciously, willfully, in bad faith, or with reckless disregard and indifference to Plaintiff's rights.

35. Plaintiff seeks all rights and remedies to which she is entitled pursuant to the PHRA including lost wages and benefits and future wages and benefits, reinstatement, compensatory and liquidated and/or punitive damages, damages for emotional distress, interest, declaratory and injunctive relief, attorneys' fees and costs, and all other relief which is available.

WHEREFORE, Plaintiff respectfully prays this Honorable Court enter judgment in her favor and award her reinstatement, lost wages and benefits, lost future wages and benefits, other monetary losses, interest, emotional distress, liquidated and/or punitive damages, declaratory and injunctive relief, attorneys' fees and costs, and all other relief which is available. Plaintiff demands a jury trial.

### COUNT V

36. Paragraphs 1 through 35 are incorporated herein by reference as though fully set forth.

8

37. Defendants violated Plaintiff's rights to equal protection under the Fourteenth Amendment to the United States Constitution by terminating her because of her age and/or sex.

38. Defendants acted with intent, and/or Defendants engaged in the unlawful practices maliciously, willfully, in bad faith, or with reckless disregard and indifference to Plaintiff's rights.

39. Plaintiff seeks all rights and remedies to which she is entitled pursuant to a claim under the Fourteenth Amendment to the United States Constitution, including lost wages and benefits and future wages and benefits, reinstatement, compensatory and liquidated and/or punitive damages, damages for emotional distress, interest, declaratory and injunctive relief, attorneys' fees and costs, and all other relief which is available.

WHEREFORE, Plaintiff respectfully prays this Honorable Court enter judgment in her favor and award her reinstatement, lost wages and benefits, lost future wages and benefits, other monetary losses, interest, emotional distress, liquidated and/or punitive damages, declaratory and injunctive relief, attorneys' fees and costs, and all other relief which is available. Plaintiff demands a jury trial.

RIEDERS, TRAVIS, HUMPHREY, HARRIS,
WATERS & WAFFENSCHMIDT

s/ Jeffrey C. Dohrmann
Jeffrey C. Dohrmann, Esquire
Attorney for Plaintiff
161 West Third Street, PO Box 215
Williamsport, PA 17701
PA Bar No. 68870
Tel: (570) 323-8711
Fax: (570) 323-4192
E-Mail: jdohrmann@riederstravis.com

10